IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03160-GPG

SCOTT HEDDINGS,

    Plaintiff,

v.

DEBORAH DENHAM, Warden,
MICHAEL CONNELL, Associate Warden, and
MS. SEGURA, Records/Mail Room Manager,

    Defendants.

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

    Plaintiff, Scott Heddings, is a prisoner in the custody of the Federal Bureau of Prisons at the Federal Correctional Institution at Englewood, Colorado. Mr. Heddings has filed *pro* se a Prisoner Complaint (ECF No. 1) pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), claiming his rights under the United States Constitution have been violated. The court must construe the Prisoner Complaint liberally because Mr. Heddings is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, Mr. Heddings will be ordered to file an amended complaint.

    Mr. Heddings asserts one claim for relief in the Prisoner Complaint contending his First Amendment rights have been violated. However, he fails to allege specific

facts in support of the First Amendment claim that demonstrate each named Defendant personally participated in the asserted constitutional violation.  *See Henry v. Storey*, 658 F.3d 1235, 1241 (10th Cir. 2011) (allegations of "personal participation in the specific constitutional violation complained of [are] essential").  In fact, Mr. Heddings mentions only two of the three Defendants in connection with his First Amendment claim.  Furthermore, to the extent a particular Defendant merely denied a grievance, that fact alone is not sufficient to demonstrate personal participation.  *See Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009) (stating "a denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation").  To the extent Mr. Heddings is naming supervisory officials as defendants, a defendant may not be held liable for the unconstitutional conduct of his or her subordinates on a theory of respondeat superior.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009).

       Therefore, Mr. Heddings will be ordered to file an amended complaint.  Mr. Heddings should name as Defendants only those persons he contends actually violated his federal constitutional rights.  Mr. Heddings "must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The general rule that *pro se* pleadings must be construed liberally has limits and "the court cannot take on the responsibility of serving as the litigant's attorney in constructing arguments and searching the record."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005).  Accordingly, it is

ORDERED that Mr. Heddings file, **within thirty (30) days from the date of this order**, an amended complaint as directed in this order.  It is

FURTHER ORDERED that Mr. Heddings shall obtain the court-approved Prisoner Complaint form (with the assistance of his case manager or the facility's legal assistant), along with the applicable instructions, at www.cod.uscourts.gov.  It is

FURTHER ORDERED that, if Mr. Heddings fails to file an amended complaint within the time allowed, any Defendant against whom he fails to allege specific facts of personal participation will be dismissed as a party to this action.

DATED December 8, 2014, at Denver, Colorado.

BY THE COURT:

S/ Gordon P. Gallagher

_____
United States Magistrate Judge